BECKY GALLAGHER, OSB #982809
FENRICH & GALLAGHER, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
Telephone: (541) 342-7820
Email: becky@fglaborlaw.com

Attorneys for AOCE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Tracy Cox, Mark Cox, Yvonne Williams, and David Davies**, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>**Association of Oregon Corrections Employees, Inc**, an Oregon corporation; the **Oregon Department of Administrative Services**; **Katy Coba**, in her official capacity as Director of the Oregon Department of Administrative Services; the **Oregon Department of Corrections**; and **Colette S. Peters** in her official capacity as the Director of Oregon Department of Corrections,<br><br>Defendants. | Case No.: 6:22-cv-00906-AA<br><br>DEFENDANT AOCE'S MOTION TO DISMISS |

1 – DEFENDANT AOCE'S MOTION TO DISMISS

# LR 7-1 CERTIFICATION

Counsel for Defendant Association of Oregon Corrections Employees (AOCE) conferred in good faith with counsel for Plaintiffs by telephone on August 16, 2022 about this motion to dismiss. The issue could not be resolved without the assistance of the Court.

# MOTION

AOCE respectfully moves the Court for judgment dismissing all of Plaintiffs' claims against it for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). AOCE is not a state actor. Plaintiffs cannot state a claim under 42 USC § 1983 against AOCE. The claims alleged against Defendant AOCE can only be brought as Unfair Labor Practices (ULPs) at the Oregon Employment Relations Board (ERB), the State Agency with exclusive jurisdiction to decide ULPs. Further, Plaintiffs lack Article III standing. They are requesting prospective relief for potential lack of representation and/or a $500 re-initiation fee, both of which are alleged injuries this Court cannot remedy.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Allegations of the Complaint

Defendant AOCE is a public employee labor organization (also called a union), designated as the exclusive representative for Plaintiffs' bargaining unit in collective bargaining with the State of Oregon. *See Complaint* at 3. "'Exclusive representative' means the labor organization that, as a result of certification by the board or recognition by the employer, has the right to be the collective bargaining agent of all employees in an appropriate bargaining unit." ORS 243.650(8). Plaintiffs have all cancelled their membership

in AOCE, and all dues have ceased, prior to the filing of this Complaint. Plaintiffs allege as follows:

Plaintiff Yvonne Williams (Williams) cancelled her membership in AOCE. Williams alleges AOCE told her she could not resign her membership in AOCE without signing the Membership Cancellation Form. She alleges she then signed the form which states:

> By signing this form, I wish to stop all dues paid to the AOCE. I realize that by doing so I will become a non-member of the AOCE. Once I am a non-member, AOCE may charge me a fee for all representation I request in matters including but not limited to grievances, investigations, disciplinary hearings, overtime disputes, and reclassifications. I also will not be afforded any other ancillary benefits the AOCE may provide including the Legal Defense Fund and the Association attorney.

Williams alleges an unnamed AOCE representative told her she would be required to pay a $500 fee if she wanted to rejoin AOCE and that if she needed legal representation, she would be charged $500 per hour. *Complaint* at 4-5.

Plaintiff David Davies (Davies) cancelled his membership in AOCE without signing the Membership Cancellation Form. He alleges he was provided the Membership Cancellation Form, was told "payroll" needed it, and refused to sign it. After emails between Davies, AOCE, and the Department of Corrections (DOC) payroll, his membership in AOCE was cancelled. *Complaint* at 5-7. He alleges "[u]pon information and belief, AOCE will charge [him] a fee for representation in grievances, investigations, disciplinary hearings, overtime disputes and reclassifications as long as he remains a non-member." *Complaint* at 7. He further alleges, "[u]pon information and belief, AOCE will charge [him] a punitive $500 re-sign-up fee should he try to become a union member again." *Id.*

Plaintiff Mark Cox (M. Cox) cancelled his membership in AOCE. He sent an email to AOCE in which he requested, "Please do not take any more money out of my check for union

3 – DEFENDANT AOCE'S MOTION TO DISMISS

dues." He alleges AOCE told him that he must sign the Membership Cancellation Form for his resignation to be processed. He signed the form and his membership in AOCE was cancelled. *Complaint* at 7. He alleges "[u]pon information and belief, AOCE will charge [him] a fee for representation in grievances, investigations, disciplinary hearings, overtime disputes and reclassifications as long as he remains a non-member." *Complaint* at 8. He further alleges, "[u]pon information and belief, AOCE will charge [him] a punitive $500 re-sign-up fee should he try to become a union member again." *Id.*

Plaintiff Tracy Cox (T. Cox) cancelled her membership in AOCE. On November 10, 2021, she sent an email to DOC payroll stating: "I would like to place a stop on withdrawing any further dues from my pay." *Id.* She alleges DOC payroll responded that she was required to sign the Membership Cancellation Form. T. Cox sent another email to payroll and to AOCE in which she reiterated she did not authorize union dues deductions from her wages. AOCE responded with the Membership Cancellation Form. After several emails between T. Cox and AOCE, T. Cox sent a signed resignation of membership to AOCE headquarters by certified mail on January 10, 2022. On January 13, 2022, AOCE emailed T. Cox it had received her resignation and would process the resignation and stop dues deductions, and "you will be charged a $500 initiation fee should you choose to rejoin AOCE." *Complaint* at 8-11, Ex. K. She alleges "[u]pon information and belief, AOCE will charge [her] a fee for representation in grievances, investigations, disciplinary hearings, overtime disputes and reclassifications as long as she remains a non-member, and a punitive $500 re-registration fee should she ever rejoin the union." *Complaint* at 12.

## II. Legal Standard

Defendant AOCE files this motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) due to lack of a state

4 – DEFENDANT AOCE'S MOTION TO DISMISS

Fenrich & Gallagher, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
(541) 342-7820 / (541) 342-7802 (Fax)

action. Plaintiffs cannot bring a claim under 42 USC § 1983 against AOCE as the labor organization is not a state actor. Defendant AOCE also files this motion to dismiss due to a lack of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). All Plaintiffs ceased paying AOCE dues prior to the filing of this action. Plaintiffs are alleging AOCE either has committed or will commit various ULPs. The ERB has exclusive jurisdiction over the processing of ULPs in Oregon pursuant to ORS 243.672 therefore these claims should be dismissed for want of federal jurisdiction. Lastly, Plaintiffs lack standing to seek prospective relief. There is no substantial likelihood they will re-join AOCE and be subjected to a $500 re-registration fee.

III. Argument
   a. **Plaintiffs' Claims Against Defendant AOCE Fail as Lacking a State Action Required for a Claim Under 42 USC § 1983**

Plaintiffs allege AOCE "acted jointly and under color of state law" with Defendants Department of Administrative Services, Katy Coba, Department of Corrections and Colette Peters. *Complaint* at 12. This alleged joint action is because the "State makes deductions of union dues from employee wages at the exclusive direction of the union." *Id*. And further that the Defendants acted jointly "in the collective bargaining agreement between the State and the Union where they deduct, cause the deduction of, or collect union dues from Plaintiffs' lawfully earned wages." *Id*. In related cases brought against bargaining representatives after the Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (June 27, 2018), courts have consistently held the bargaining representative is not a state actor in the deduction of union dues. The Ninth Circuit rejected similar claims in *Belgau v. Inslee,* 975 F.3d 940 (9th Cir. 2020), *cert. denied*, 2021 WL 2519114 (U.S. June 21, 2021). The Court rejected Plaintiffs claims the union "acted in concert with the state by authorizing deductions

5 – DEFENDANT AOCE'S MOTION TO DISMISS

without proper consent in violation of the First Amendment," finding "[t]he fallacy of this approach is that it assumes state action sufficient to invoke a constitutional analysis." *Belgau,* 975 F.3d at 946. As in *Belgau*, there was no state action here. The District of Oregon most recently rejected this state action argument in *Cram v. SEIU*, No. 6:20-cv-00544-MK (D. Or. 2022) and granted summary judgment in favor of the union and State.

The case before this Court has the same legal argument. Plaintiffs are alleging Defendant AOCE acted in concert with the State Defendants by continuing dues deductions after the revocation of their dues authorizations. Additionally, they are claiming AOCE required them to give up a right to be fairly represented by the bargaining unit unless they signed the Membership Cancellation Form. Lastly, they claim Defendant AOCE threatened a $500 re-initiation fee should they choose to rejoin AOCE. In none of these claims can Plaintiffs show Defendant AOCE acted "under the color of state law" in depriving them of a right secured by the Constitution.

> The state action inquiry boils down to this: is the challenged conduct that caused the alleged constitutional deprivation "fairly attributable" to the state? *Naoko Ohno v. Yuko Yasuma* , 723 F.3d 984, 993 (9th Cir. 2013) ; *see Blum*, 457 U.S. at 1004, 102 S.Ct. 2777 ("constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains"); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) (the challenged unconstitutional conduct must be "properly attributable to the State"). The answer here is simple: no.

*Belgau,* 975 F.3d at 946. The Court outlined a two-prong inquiry used in analyzing the plaintiffs' claims as follows:

> We employ a two-prong inquiry to analyze whether Washington's "involvement in private action is itself sufficient in character and impact that the government fairly can be viewed as responsible for the harm of which plaintiff complains." *Ohno*, 723 F.3d at 994; *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (two-prong test). The first prong—"whether the claimed constitutional deprivation resulted from 'the exercise of some right or privilege created by the State or by a rule

6 – DEFENDANT AOCE'S MOTION TO DISMISS

of conduct imposed by the state or by a person for whom the State is responsible' "—is not met here. *Ohno*, 723 F.3d at 994 (quoting *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744).

*Id.*

As in the prior cases, the source of Plaintiffs alleged constitutional deprivation here is a private one. Plaintiffs allege harm from the private agreement between AOCE and Plaintiffs for dues deductions, the private Membership Cancellation Form between AOCE and Plaintiffs, and private initiation fees between AOCE and Plaintiffs. Plaintiffs do not allege a constitutional harm that resulted in the exercise of some right or privilege or rule of conduct imposed by the State. As the *Belgau* Court did, this Court should reject the first prong.

The second prong is whether AOCE "may fairly be said to be a state actor." *Lugar,* 457 U.S. at 937. Clearly not. AOCE is a private labor organization. The State has no ability to interfere with, control, or manage the innerworkings of AOCE. In fact, any attempt to do so would be a ULP under the Public Employee Collective Bargaining Act (PECBA), ORS 243.650-243.806. "It is an unfair labor practice for a public employer or its designated representative to…dominate, interfere with or assist in the formation, existence or administration of any employee organization." ORS 243.672(1)(b). "The Supreme Court has articulated four tests for determining whether a nongovernmental person's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Ohno*, 723 F.3d at 995 (citing *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1140 (9th Cir.2012) (quoting *Franklin v. Fox,* 312 F.3d 423,444–45 (9th Cir.2002)).

As the *Ohno* Court noted, the public function test and joint action test "largely subsume the state compulsion and governmental nexus tests, because they address the degree to which the state is intertwined with the private actor or action." *Ohno*, 723 F.3d at fn 13. The public

7 – DEFENDANT AOCE'S MOTION TO DISMISS

Fenrich & Gallagher, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
(541) 342-7820 / (541) 342-7802 (Fax)

function test "treats private actors as state actors when they perform a task or exercise powers traditionally reserved to the government." *Ohno*, 723 F.3d at 996 (citations omitted).

Next is the joint action test. "A joint action between a state and a private party may be found in two scenarios: the government either (1) 'affirms, authorizes, encourages, or facilitates unconstitutional conduct through its involvement with a private party,' or (2) 'otherwise has so far insinuated itself into a position of interdependence with the non-governmental party,' that it is 'recognized as a joint participant in the challenged activity." *Belgau,* 975 F.3d at 947 (citing *Ohno*, 723 F.3d at 996).

Plaintiffs make five separate claims against AOCE under 42 USC § 1983. Each will be analyzed under the second prong:

 1. Violation of their First Amendment rights when "AOCE leveraged its status as exclusive representative to attempt to force Plaintiffs to sign Membership Cancellation Forms which stated that AOCE would no longer represent Plaintiffs as the exclusive representative but, rather, only as a service in exchange for additional fees." *Complaint* at 13. First off, that is not what the form says. Nothing in the form states that AOCE will no longer represent Plaintiffs. Rather, it says "AOCE may charge me a fee for all representation I request in matters including but not limited to: grievances, investigations, disciplinary hearings, overtime disputes, and reclassifications." *Complaint* at Ex. A. This claim also alleges AOCE "threatens Plaintiffs with a punitive fee of $500 should they choose to again become union members." *Complaint* at 13. Plaintiffs claim these actions chilled their exercise of their First Amendment right to be free of compelled speech and association under *Janus* because requiring Plaintiffs to sign the form before allowing their resignation threatens a loss of fair representation by the exclusive representative as required by law. *Id*. (Note that Plaintiffs Davies and T. Cox had their AOCE membership cancelled without signing the

8 – DEFENDANT AOCE'S MOTION TO DISMISS

Fenrich & Gallagher, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
(541) 342-7820 / (541) 342-7802 (Fax)

cancellation form). *Complaint* at 7 and 10-11. Aside from the fact this claim is about the duty of fair representation which must processed as a ULP and falls under the ERB's exclusive jurisdiction (see argument below), the claim fails both the public function test and joint action test.

  a. Public function - AOCE was functioning as the exclusive representative of a bargaining unit. AOCE was processing private requests by members to opt out of their AOCE membership – nothing in this task was "powers traditionally reserved to the government." *Ohno*, 723 F.3d at 996.

  b. Joint action - Plaintiffs have made no showing that the State Defendants affirmed, authorized, encouraged, or facilitated the AOCE Cancellation Forms or fees and no showing that the State Defendants insinuated themselves into a position of interdependence with AOCE. Count 1 has no alleged conduct by the State Defendants other than their involvement in deducting union dues and remitting them to AOCE. DOC payroll simply provided an administrative task with the AOCE forms and took no position on the form itself. There are no allegations that the State Defendants jointly drafted the Cancellation Forms or the requirement for an initiation fee for joining AOCE.

  2. Violation of Plaintiffs' First Amendment rights of Freedom of Association. The analysis on this claim mirrors that of the free speech claim above and this prong fails. Additionally, the claims made against AOCE in this claim are over the duty of fair representation of its members, exclusively under the purview of the ERB.

9 – DEFENDANT AOCE'S MOTION TO DISMISS

3. Violation of Plaintiffs M. Cox and Williams First Amendment rights by compelling them to give up rights to which they are legally entitled. This fails the public function and joint action tests for the same reasons the first two claims failed. The State is not responsible for AOCE's forms. While the forms require Plaintiffs to give up no rights to fair representation, that allegation is an alleged violation of AOCE's duty to fairly represent its bargaining unit under the PECBA. Again, this is an alleged ULP and the ERB has exclusive authority over ULPs.

4. Violation of Plaintiff T. Cox's rights by compelling speech in violation of the First Amendment when Defendants collected dues from November 10, 2021 through January 12, 2022. Plaintiff T. Cox claims this injury is ongoing even though all dues ceased being deducted from her wages in January 2022. *Complaint* at 11. The act of collecting dues under the PECBA and remitting them to AOCE does not meet any of the tests above and is nothing more than "ministerial processing." In analyzing the conduct of the State of Washington and a union, the *Belgau* Court explained:

> At best, Washington's role in the allegedly unconstitutional conduct was ministerial processing of payroll deductions pursuant to Employees' authorizations. But providing a "machinery" for implementing the private agreement by performing an administrative task does not render Washington and WFSE joint actors. *Sullivan*, 526 U.S. at 54, 119 S.Ct. 977. Much more is required; the state must have "so significantly encourage[d] the private activity as to make the State responsible for" the allegedly unconstitutional conduct. *Id*. at *53, 119 S.Ct. 977.*

*Belgau,* 975 F.3d at 948.

Plaintiffs are claiming the State is responsible for AOCE's conduct because the PECBA allows AOCE to collect dues. Again, this must be brought as a ULP. "If a dispute

10 – DEFENDANT AOCE'S MOTION TO DISMISS

Fenrich & Gallagher, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
(541) 342-7820 / (541) 342-7802 (Fax)

arises between the public employee and the labor organization regarding the existence, validity or revocation of an authorization for the deductions and payment described under subsections (1) and (2) of this section, the dispute *shall* be resolved through an unfair labor practice proceeding under ORS 243.672." ORS 243.608(10)(a). Emphasis added.

     5.     Violation of T. Cox's Due Process rights by depriving her of a property interest in her wages. Analyzing the actions of the State Defendants and AOCE under the prongs above has the exact same result. AOCE did not "perform a task or exercise powers traditionally reserved to the government." The State did not "affirm, authorize, encourage, or facilitate" AOCE's conduct. The State had no say in the terms of the AOCE membership or cancellation forms. If it had, that would be an unlawful interference in the form of a ULP under ORS 243.672(1)(b). Additionally, all allegations that dues were withheld in spite of a revocation must be litigated as unfair labor practices under ORS 243.608(10)(a).

For the reasons stated above, AOCE is not a state actor and all 42 USC § 1983 claims against it must be dismissed for failure to state a claim upon which relief can be granted.

### b. All of Plaintiffs' Claims Against Defendant AOCE (including Breach of Contract) Must be Brought as Unfair Labor Practices and Filed with the Oregon Employment Relations Board

Plaintiffs have alleged various ULPs against Defendant AOCE: violation of the duty of fair representation, withholding dues after the revocation of an authorization for the deductions, and unfair threats to force Plaintiffs to agree to terms after they fulfilled their contractual obligations without additional consideration – allegedly the "terms" being potential future violations of the duty of fair representation. These are not federal claims, and

11 – DEFENDANT AOCE'S MOTION TO DISMISS

this court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In dismissing a terminated employee's state claims for wrongful discharge in violation of a collective bargaining agreement and a breach of her union's duty of fair representation, the Oregon Court of Appeals held the investigation and adjudication of ULPs is within the exclusive jurisdiction of the Oregon Employment Relations Board. *Coleman v. Children's Services Division*, 694 P.2d 555, 558, 71 Or. App. 687, 691-692 (1984) *rev den* 701 P.2d 784, 299 Or. 251 (1985). Pursuant to ORS 243.650(24): "'Unfair labor practice' means the commission of an act designated an unfair labor practice in ORS 243.672." ORS 243.672 (2)(c) states it is an unfair labor practice for a public employee or for a labor organization to refuse or fail to comply with any provision of ORS 243.650 to 243.809. ORS 243.806, provides:

> (6) A public employee's authorization for a public employer to make a deduction under subsections (1) to (4) of this section shall remain in effect until the public employee revokes the authorization in the manner provided by the terms of the agreement. If the terms of the agreement do not specify the manner in which a public employee may revoke the authorized deduction, a public employee may revoke authorization for the deduction by delivering an original signed, written statement of revocation to the headquarters of the labor organization.
>
> ***
>
> (10)(a) If a dispute arises between the public employee and the labor organization regarding the existence, validity or revocation of an authorization for the deductions and payment described under subsections (1) and (2) of this section, the dispute shall be resolved through an unfair labor practice proceeding under ORS 243.672.

Plaintiffs are alleging AOCE violated ORS 243.806 by "forcing Plaintiffs to maintain union membership and pay union dues after they resigned membership and revoked their

12 – DEFENDANT AOCE'S MOTION TO DISMISS

authorization for dues deductions pursuant to the terms of their membership card, which requires only written resignation and revocation of authorization for dues deductions." *Complaint* at 19. The PECBA is clear: "[i]f a dispute arises between the public employee and the labor organization regarding the existence, validity or revocation of an authorization for the deductions and payment described under subsections (1) and (2) of this section, the dispute ***shall*** be resolved through an unfair labor practice proceeding under ORS 243.672." ORS 243.608(10)(a) (emphasis added). Further, "[i]f the terms of the agreement do not specify the manner in which a public employee may revoke the authorized deduction, a public employee may revoke authorization for the deduction by delivering an original signed, written statement of revocation to the headquarters of the labor organization." ORS 243.806(6). As alleged in the Complaint, when Plaintiff T. Cox provided a signed, written statement of revocation to the AOCE headquarters, her AOCE membership was cancelled. Any dispute she or the other Plaintiffs have with the revocation of their authorization must be brought as a ULP with the ERB by statute.

Plaintiffs also allege Defendant AOCE has or will violate its duty of fair representation. ORS 243.672(2)(a) makes it an unfair labor practice for a labor organization to "interfere with, restrain or coerce any employee in or because of the exercise of any right guaranteed under ORS 243.650 to ORS 243.809." The PECBA requires a labor organization to fairly represent all employees for whom it is the exclusive representative. "ERB has recognized that there is a duty of fair representation created by statute and that a breach of that duty constitutes an unfair labor practice. *Powell v. Monmouth Police Officers Association*, 33 Or.

13 – DEFENDANT AOCE'S MOTION TO DISMISS

App. 93, 575 P.2d 175, 3 PECBR 2038 (1978); *West Linn Education Association v. West Linn School District No. 3JT*, 3 PECBR 1864 (1978)." *Coleman*, 694 P.2d at 557.

Plaintiffs' claims that Defendant AOCE has violated its statutory duty to represent them fairly must be brought as ULPs before the ERB. Speculative claims are not allowed by statute. "An injured party may file a written complaint with the Employment Relations Board not later than 180 days following the occurrence of an unfair labor practice." ORS 243.672(6). Plaintiffs attempt to get around ERB's exclusive jurisdiction by adding these allegations to another claim. Plaintiff cannot avoid dismissal of the Complaint by making the ULP an element of another claim. *Ahern v. OPEU,* 988 P.2d 364, 329 Or. 428 (1999). In holding that the trial court lacked jurisdiction over an unfair labor practice, even though the plaintiff alleged a tort claim, the Oregon Supreme Court held the plaintiff could not avoid ERB's jurisdiction by alleging the ULP as an element of a tort claim. "Despite its tort label, the gravamen of plaintiff's complaint is that [the union] has committed an unfair labor practice." *Ahern*, 988 P.2d at 368. In examining the gravamen of Plaintiffs' claims here, the violation of the duty of fair representation and the violation of ORS 243.806 by not honoring a dues revocation, this Court will find that both are alleged ULPs. The label assigned by Plaintiffs is not critical. The true nature of the matter must be considered by the Court. *Id*.

In a recent District of Oregon case the plaintiff brought actions under 42 USC § 1983 against the State and her union for violations of her constitutional rights of freedom of association, freedom of speech, and due process.[1] After the lawsuit was filed, her union,

---

[1] Plaintiff also alleged fraud, federal racketeering and state racketeering against SEIU, her union.

14 – DEFENDANT AOCE'S MOTION TO DISMISS

Fenrich & Gallagher, P.C.
405 Lincoln Street, Suite 102
Eugene, OR 97401
(541) 342-7820 / (541) 342-7802 (Fax)

SEIU, filed a ULP with the ERB against plaintiff under ORS 243.806. See *Trees v. SEIU*, No. 6:21-cv-00468-SI (D. Or. 2021). Just as in *Trees*, the ERB is the appropriate venue for the allegations here. There is no federal subject matter jurisdiction for any of the claims alleged against Defendant AOCE. This Court should dismiss the Complaint against AOCE for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

   c. **Plaintiffs' Deductions of AOCE Dues Ceased Prior to This Litigation and There is No Substantial Likelihood They Will be Subjected to a Re-Registration Fee**

Plaintiffs allege their injury is ongoing even though all dues have stopped. There is no reasonable probability they will be subject to payroll deductions for AOCE dues in the future because there is no reasonable probability Plaintiffs will re-join AOCE. As evidenced in the Complaint, Plaintiffs allege AOCE wrongdoing or lack of representation and a desire to no longer be AOCE members. A $500 re-registration fee is purely speculative and not likely. Article III of the Constitution requires a live controversy for federal court jurisdiction. As here, when the "plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision," plaintiffs cannot establish federal subject matter jurisdiction. See *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (quoting *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015)) (quotations omitted), *cert. denied*, 137 S.Ct. 828 (2017).

   To the extent Plaintiffs are alleging a fear they will not be fairly represented by AOCE in the future, this again is purely speculative; and again, an alleged ULP. As discussed above, Plaintiffs' fear of future injury simply is too speculative to warrant injunctive relief. "[Plaintiffs] cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty*

15 – DEFENDANT AOCE'S MOTION TO DISMISS

*Int'l USA*, 133 S.Ct. 1138, 1151, 568 U.S. 398, 416 (2013).

## CONCLUSION

For the reasons outlined above, this Court should grant Defendant AOCE's motion and dismiss Plaintiffs' claims for lacking subject matter jurisdiction and failure to state a claim upon which relief can be granted.

DATED: August 22, 2022.

                                                Respectfully submitted,

                                                FENRICH & GALLAGHER, P.C.

                                                */s/ Becky Gallagher*
                                                Becky Gallagher

                                                Of Attorneys for Defendant AOCE